UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cr-0308-RLH-RJJ |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion to Amend Judgment–#22) |
| CHRISTOPHER BORJA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

   Before the Court is the United States' **Motion to Amend Judgment** (#22, filed March 28, 2011), seeking an amendment of the judgment pursuant to Fed. R. Crim. P. 35. Defendant filed his response (#23) on April 7, 2011.

   Defendant Borja was sentenced on March 25, 2011, to twelve (12) months and a day, five (5) years of supervised release and ordered forfeiture in the amount of approximately $2,500,000. The Court refused to order restitution in the amount of $2,798,434. The Government objected. This motion followed.

   The Government cites to the Mandatory Victim Restitution Act of 1996, codified at 18 U.S.C. §3663A, which mandates restitution for "any offense against property under this title" involving wire fraud, mail fraud and bank fraud. Defendant Borja pled guilty to Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud in violation of 18 U.S.C. §1349.

The United States ignores the facts of this case and its failure to meet its obligations.

Title 18 U.S.C. §3664 states:

> (d)(1) Upon the request of the probation officer, but not later 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amount subject to restitution.

Additionally, Fed. R. Crim. P. 32(c)(1)(B) states:

> If the law permits restitution, the *probation officer* must conduct an investigation and submit a report that contains sufficient information for the court to order restitution. (emphasis added).

The Presentence Report (paragraph 81, page 17) states, "Restitution amounts are still being determined as of this writing and will be provided to the Court *prior to sentencing*." (emphasis added).

The Plea Agreement provides that the amount of restitution will be determined by the Court.

Notwithstanding the foregoing statutory obligations, the Government failed to provide the probation officer or the Court any information about restitution until the end of the sentencing hearing *after* the Court had determined the sentence and, having received no information from the Government, asked if it had or intended to present information which would permit the probation officer or the Court to determine the amount of restitution. Only then, was the Court, the probation officer, and the Defendant presented a sheet of paper listing each of three financial institutions, together with only a total amount of claimed restitution.

The one-page document contained no documentation of how the total numbers were calculated or reached. It provided no basis for the numbers presented. And, the presentation was untimely. It gave neither the probation officer nor the Court the opportunity to make a determination as to the amount of restitution that was appropriate (and the Court must rely upon the probation officer). It gave no opportunity to the Defendant to challenge or object to the calculations or to object to their bases. The present motion provides no additional information for the Court or the probation

2

officer to make the required calculations.  The Government's required presentation is a predicate to the probation officer's calculations and the Court's order of restitution.

In effect, the Court ordered restitution, if it is required to do so under these circumstances, in the only amount justified: zero.  The motion to amend is denied.

IT IS THEREFORE ORDERED that the United States' **Motion to Amend Judgment** (#22) is DENIED.

Dated: April 12, 2011.

_____
**Roger L. Hunt**
**Chief United States District Judge**